UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANNETTE TYLER, | ) | |
| an individual, | ) | Case No: |
| | ) | |
| Plaintiff, | ) | Judge: |
| | ) | |
| v. | ) | Magistrate Judge: |
| | ) | |
| ST. LANDRY PARISH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, ANNETTE TYLER, by and through her undersigned counsel, hereby files this Complaint and sues ST. LANDRY PARISH for damages, injunctive, and declaratory relief, attorneys' fees and costs pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("Americans with Disabilities Act" or "ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* ("Rehabilitation Act"), and alleges the following:

## JURISDICTION AND PARTIES

1. This is an action for damages, injunctive, and declaratory relief, attorneys' fees and costs pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* This Court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the property which is the subject of this action is located in St. Landry Parish, Louisiana.

3. Plaintiff, ANNETTE TYLER, (hereinafter referred to as "MS. TYLER") is a resident of the State of Louisiana, St. Landry Parish.

1

4.      MS. TYLER is a qualified individual with a disability under the ADA. MS. TYLER has paraplegia because of a spinal cord injury.

5.      Due to her disability, MS. TYLER is substantially impaired in several major life activities as she is unable to walk or stand without assistance and requires a wheelchair to ambulate.

6.      Upon information and belief, ST. LANDRY PARISH (hereinafter referred to as "ST. LANDRY") constitutes the political entity which owns and operates the St. Landry Parish Courthouse and Annex, located at 118 South Court Street, Opelousas, Louisiana 70570 (hereinafter referred to as "the Property").

7.      Upon information and belief, the Property is a public facility which is open to members of the public, including MS. TYLER.

8.      ST. LANDRY is responsible for complying with the obligations of the ADA and the Rehabilitation Act.

9.      All events giving rise to this lawsuit occurred in the Western District of Louisiana, St. Landry Parish, Louisiana.

## COUNT I – VIOLATION OF TITLE II OF THE AMERICANS WITH DISIBILITIES ACT

10.     MS. TYLER realleges and reavers Paragraphs 1-9 as if they were expressly restated herein.

11.     Upon information and belief, ST. LANDRY owns and operates the Property where services and programs are offered by the 27th Judicial District Court, St. Landry Parish Clerk of Court, St. Landry Parish Assessor, and St. Landry Parish Government, among others.

12.     MS. TYLER has visited the Property numerous times in the past.

13.     MS. TYLER has encountered numerous architectural barriers while attempting to navigate the Property in her wheelchair.

14.     MS. TYLER has been to the Property to put her home up for bond, to file a protective order, and to participate in jury duty.

15.     MS. TYLER visited the Property for jury duty as recently as October of 2022.

16.     MS. TYLER intends to return to the Property when she requires as a citizen of St. Landry Parish to utilize the city services available at the Property.

17.     MS. TYLER intends to return to the Property when summoned for jury duty.

18.     Given that she remains an active voter, has not been convicted of a felony, MS. TYLER is eligible for jury duty and she fears she will be summoned in the near future before the barriers at issue are remedied.

19.     MS. TYLER lives less than three (3) miles from the Property.

20.     On September 11, 2023, MS. TYLER delivered a written request for reasonable accommodation to the St. Landry Parish Clerk of Court Charles Jagneaux. In this request MS. TYLER identified the following ADA violations at the Property and requested that they be fixed:

        A.  Handles to various doors in the courthouse require twisting, including doors to the restrooms and courtrooms;

        B.  The service counters in the Clerk of Court offices are over thirty-six (36) inches from the floor;

        C.  The service counters in the Court Division/Birth Certificates office are over thirty-six (36) inches from the floor;

    D. There are not enough designated-accessible parking spaces at the Property;

    E. The designated-accessible parking spaces at both the Courthouse and the Annex lack accessible routes to the entrances of the buildings; and

    F. The jury box and witness stand in both the main courtroom and annex are not accessible to wheelchair users.

21. Mr. Jagneaux responded to MS. TYLER's request on September 18, 2023 via handwritten letter wherein he stated that he would forward MS. TYLER's request to the Parish President, Jessie Bellard, and that he would "investigate the possibility of correcting the deficiencies in the Clerk of Court office and try to remedy them."

22. On the same date, Mr. Jagneaux sent MS. TYLER a copy of the letter he mailed to President Bellard with a post-it note attached stating the letter had been sent to President Bellard on MS. TYLER's behalf. Mr. Jagneaux's letter to President Bellard had MS. TYLER's reasonable accommodation request attached to it.

23. To date, MS. TYLER has not received a response from ST. LANDRY.

24. MS. TYLER most recently visited the Property in the Winter of 2024 to see whether the ADA barriers were removed. None of the barriers have been removed.

25. MS. TYLER is aware of mobility-related barriers at the Property, as discussed below in Paragraph 35.

26. MS. TYLER plans to return to the Property as a member of the disabled community to determine whether the barriers to access alleged herein have been modified and/or brought into compliance with the requirements of the ADA. Further, MS. TYLER anticipates that she will require use of the services, programs, and activities at the

Property, as she has in the past as a resident of St. Landry Parish. Finally, as a registered voter of St. Landry Parish, MS. TYLER could be called to the Courthouse for jury duty at any time.

27. MS. TYLER presently fears that she will encounter the mobility-related barriers which exist at the Property when she returns to the Property in the near future.

28. The barriers discussed in Paragraph 35 are mobility-related and threaten to deny MS. TYLER equal access to the services, programs, and activities offered at the Property.

29. The barriers discussed below in Paragraph 35 are excluding MS. TYLER from the equal opportunity to participate in, or benefit from the programs, services, and activities which are offered at the Property.

30. MS. TYLER has reasonable grounds for believing that she will continue to be subjected to discrimination as a result of the barriers which are discussed in Paragraph 35.

31. ST. LANDRY is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and is therefore subject to Title II of the ADA and its implementing regulations.

32. Title II of the ADA sets various requirements, including the "new construction/alteration" standard and the "program access" standard. The "new construction/alteration" standard and the "program access" standard apply to parts of a facility that have been altered since the passage of the ADA.

33. Under the "new construction/alteration" standard, a public entity is required to comply with the requirements of the 2010 ADA Accessibility Guidelines (hereinafter "ADAAG"). The ADAAG sets forth the specific requirements and standards for architectural design of a facility, including ramps and restrooms.

34. Under the "program access" standard, a public entity shall ensure that each of its

programs, services, and accommodations are readily accessible to and usable by individuals with disabilities. Under the applicable case law, a public entity should use the ADAAG as a guide to determine whether a barrier exists.

35. Upon information and belief, ST. LANDRY has discriminated, and is continuing to discriminate, against MS. TYLER in violation of the ADA by excluding and/or denying her the benefits of its services, programs, and activities. MS. TYLER's visits to the Property show that the Property, when viewed in its entirety, is not accessible. These physical barriers to access include, but are not limited to:

    A.    At the Main Courthouse:

1. The service counters in the Clerk of Court's office and the Court Division/ Birth Certificates office are over thirty-six (36) inches above the ground;

2. There are not enough designated-accessible parking spaces;

3. One of the designated-accessible parking spaces is marked "Reserved for Clerk of Court," which renders it unavailable for members of the general public;

4. The designated-accessible parking spaces are not flat and are comprised of cracked asphalt;

5. The designated-accessible parking spaces are not located close to the accessible ramp at the Property, but rather are adjacent to the previously-designated accessible entrance;

6. The Division A Courtroom contains an inaccessible witness stand that is located up a set of stairs;

7. The Division A Courtroom contains an inaccessible jury box with chairs that are bolted to the floor;

8. The Division D Courtroom has an inaccessible jury box that is located up steps;

9. Handles throughout the Property require twisting, including entrances to restrooms and courtrooms; and

10. Other mobility-related ADA barriers at the main courthouse, both interior and exterior, to be identified following a complete inspection of the Property.

B.    At the Courthouse Annex:

1. The designated-accessible parking space does not contain an access aisle;

2. The route from the designated-accessible parking space to the entrance of the Courthouse Annex is interrupted by an impermissible change in level;

3. The restroom door contains hardware that requires twisting and gripping;

4. The restroom contains paper towels located too high off the finished floor;

5. The restroom contains a mirror that is located too high off the finished floor;

6. The restroom sink contains piping that is not insulated to prevent burning or scalding;

7. The restroom contains toilet paper that is located too high off the finished floor;

8. The restroom contains a backwall grab bar that is too short;

9. There is no accessible route from the Main Courthouse to the Courthouse Annex.

36. 42 U.S.C. § 12133 provides: "[t]he remedies, procedures, and rights set forth in section 794a of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."

37. ST. LANDRY has discriminated against MS. TYLER by denying her full access to the services, programs, and/or activities by failing to make its facilities readily accessible as required by 42 U.S.C. § 12132 and its implementing regulations 28 C.F.R. § 35.101 *et. seq*.

38. ST. LANDRY has discriminated, and is continuing to discriminate, against MS. TYLER in violation of the ADA by excluding and/or denying MS. TYLER the full and equal benefits of its services, programs, and/or activities by failing to, *inter alia*, have accessible facilities. MS. TYLER has personally and continuously experienced the accessibility barriers each time she has visited the Property.

39. 28 C.F.R. § 35.130(1)(vii) states that "[a] public entity, in providing any aid, benefit, or service, may not … limit a qualified individual with a disability in the enjoyment of any right, privilege, advantage or opportunity enjoyed by others receiving the aid benefit or service."

40. Additionally, 28 C.F.R. § 35.130(4)(i) provides that "[a] public entity may not, in

determining the site or location of a facility, make selections- [t]hat have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination…"

41.     ST. LANDRY has violated these provisions by providing services and programs at the Property which is an inaccessible facility.

42.     ST. LANDRY has discriminated against MS. TYLER by excluding her from participation in, and denying her the benefits of, the services, programs, and/or activities at its Property because of MS. TYLER's disability, all in violation of 42 U.S.C. § 12132.

43.     Upon information and belief, ST. LANDRY continues to discriminate against MS. TYLER by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, programs, activities, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to make such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, programs, and/or activities, segregated or otherwise treated differently than other individuals because of failure to remove architectural barriers.

44.     ST. LANDRY was alerted to Plaintiff's request for reasonable accommodation but failed to provide it for almost a year despite notice of need for the accommodation.

45.     The above conduct constitutes intentional discrimination.

46.     The above conduct constitutes deliberate indifference.

47.     Upon information and belief, MS. TYLER, and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities offered at the Property, and have otherwise been discriminated against and

damaged by ST. LANDRY because of ST. LANDRY'S discrimination, as set forth above.

48.  MS. TYLER and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. Furthermore, as required by the ADA and other remedial civil rights legislation, to properly remedy ST. LANDRY's discriminatory violations and avoid piecemeal litigation, MS. TYLER requires a full inspection of ST. LANDRY's Property in order to catalogue and cure all the areas of non-compliance with the ADA.

49.  Upon information and belief, ST. LANDRY has been aware of the existence of architectural barriers at the Property since at least September 2023, when MS. TYLER submitted a reasonable accommodation request.

50.  MS. TYLER has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from ST. LANDRY pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 35.175.

51.  MS. TYLER is suffering irreparable harm by virtue of ST. LANDRY's invasion of the rights conferred on her by 42 U.S.C. § 12131, *et seq.*

52.  Pursuant to 42 U.S.C. § 12131, *et seq.*, this Court is vested with authority to grant MS. TYLER injunctive relief including to order that ST. LANDRY alter the Property to make its programs, services, and activities readily accessible to and useable by MS. TYLER and all other persons with mobility-related disabilities as defined by the ADA.

## COUNT II
## VIOLATION OF THE REHABILITATION ACT

53.  MS. TYLER adopts and re-alleges the allegations contained in paragraphs 1-52 as if fully

stated herein.

54.     MS. TYLER brings this claim against ST. LANDRY, based upon Section 504 of the

Rehabilitation Act, 29 U.S.C. §794, *et seq.*

55.     Upon information and belief, ST. LANDRY has been and continues to be a recipient of

federal financial assistance within the meaning of 49 C.F.R. § 27.5 and is therefore

subject to Section 504 of the Rehabilitation Act and its implementing regulations.

56.     The Rehabilitation Act provides that:

> No otherwise qualified individual with a disability in the United States, as defined
> in section 705(20) of this title, shall, solely by reason of her or his disability, be
> excluded from the participation in, be denied the benefits of, or be subjected to
> discrimination under any program or activity receiving Federal financial
> assistance or under any program or activity conducted by any Executive agency or
> by the United States Postal Service.  29 U.S.C. § 794(a).

57.     Upon information and belief, as set forth herein, ST. LANDRY has violated the

Rehabilitation Act by intentionally excluding MS. Tyler, solely by reason of her

disability, from participation in, and denying her the benefits of, and has otherwise

subjected her to discrimination under ST. LANDRY's programs, services, and activities.

58.     Upon information and belief, a non-exclusive list of ST. LANDRY's violations of the

Rehabilitation Act and discriminatory conduct against MS. TYLER are evidenced by:

> A.      Denying MS. TYLER access to, and the opportunity to participate in or
>
> benefit from, the programs, services, and activities offered at the Property;
>
> B.      By otherwise limiting MS. TYLER in the enjoyment of the rights,
>
> privileges, advantages, and opportunities enjoyed by individuals without
>
> disabilities who participate in the programs, services, and activities offered
>
> by ST. LANDRY at the Property;
>
> C.      Making facility, site, or location selections that have the effect of

discriminating against individuals with disabilities, such as MS. TYLER, and excluding them from and denying them the benefits of, and defeating or substantially impairing the accomplishment of the objectives of, the services, programs, and activities offered by ST. LANDRY at the Property;

D.      Failing to administer services, programs, and activities in the most integrated setting appropriate to the needs of MS. TYLER and others similarly situated;

E.      Excluding MS. TYLER from participation in, and the benefits of, ST. LANDRY's services, programs, and activities as a result of ST. LANDRY's Property being inaccessible to or unusable by MS. TYLER; and

F.      Failing to design and/or construct new facilities, or make alterations to existing facilities, which are readily accessible to and usable by individuals with disabilities.

59.     Upon information and belief, there are additional, ongoing violations of the Rehabilitation Act at the Property which MS. TYLER is more likely than not going to encounter upon future visits to the Property.  MS. TYLER brings this action:

A.      To redress injuries suffered as a result of ST. LANDRY's discriminatory actions and inactions, as set forth herein;

B.      To reasonably avoid further and future injury as a result of ST. LANDRY's ongoing failure to cease their discriminatory practices as set forth in this action, including correcting violations of the ADA and

Rehabilitation Act;

C.      To ensure the Property is accessible as required by the relevant applications of Title II of the ADA;

D.      To be made whole and ensure future compliance; and

E.      to reasonably avoid future ADA and Rehabilitation Act litigation involving the same Property and under the same laws, as set forth herein, with its concomitant impact on otherwise scarce judicial resources.

**60.**   Only through a complete inspection of the Property and related facilities, undertaken by MS. TYLER and/or her representatives, can all said violations be identified and cured so as to ensure access for individuals with disabilities, the primary purpose of this action.

**61.**   Upon information and belief, as the recipient of federal funds, ST. LANDRY is liable for damages to MS. TYLER as a result of its acts and omissions constituting intentional discrimination.  It is MS. TYLER's position that even an award of nominal damages in her favor would confer significant civil rights to the public, as a judgment against ST. LANDRY, regardless of the amount, would likely deter ST. LANDRY from discriminating against individuals with disabilities in the future.

**62.**   As set forth above, MS. TYLER has been denied access to, and without the relief requested herein will continue to be denied access to the services, programs, facilities and activities offered by ST. LANDRY, solely by reason of her disability, and has otherwise been discriminated against and damaged solely by reason of her disability, as a result of ST. LANDRY's Rehabilitation Act violations set forth above.

**63.**    MS. TYLER has retained undersigned counsel for the filing and prosecution of this action. MS. TYLER is entitled to recover reasonable attorneys' fees, costs, and litigation

expenses from ST. LANDRY pursuant to 29 U.S.C. §794(b).

64.     Pursuant to <u>29 U.S.C. §794(a)</u>, this Court is provided authority to grant MS. TYLER injunctive relief, including an Order that ST. LANDRY alter the subject premises, facilities, services, activities, programs, and accommodations to make them accessible to and useable by individuals with disabilities to the extent required by the Rehabilitation Act, or an Order that ST. LANDRY close all premises and facilities and discontinue all non-complying services, activities, programs, and accommodations until the requisite modifications are completed.  This Court is also provided authority to grant MS. TYLER compensatory damages for ST. LANDRY's discriminatory actions.

65.     Upon information and belief, as set forth herein, ST. LANDRY has violated the Rehabilitation Act by intentionally excluding MS. TYLER, solely by reason of her disability, from the participation in, and denying him the benefits of, and have otherwise subjected him to discrimination under ST. LANDRY's programs and activities. These actions constitute intentional discrimination and deliberate indifference.

### PRAYER FOR RELIEF

WHEREFORE, MS. TYLER prays that:

A.     This Court issue a Declaratory Judgment that determines that ST. LANDRY is in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*;

B.     This Court issue a Declaratory Judgment that determines that the Property, programs, and activities owned, operated, and administered by ST. LANDRY are in violation of the Rehabilitation Act;

C.     This Court issue a Declaratory Judgment that determines that the property,

programs and activities owned, operated and administered by ST. LANDRY are in violation of the Rehabilitation Act;

D.    This Court grant permanent injunctive relief against ST. LANDRY including an Order to make all required alterations to the Property; or to make the Property readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require ST. LANDRY to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of failure to remove mobility-related barriers;

E.    This Court enter an Order directing ST. LANDRY to alter and modify the Property and its programs, services, and accommodations to comply with the ADA and the Rehabilitation Act;

F.    This Court award MS. TYLER monetary damages, including nominal damages, pursuant to the ADA and/or Rehabilitation Act, for the harm caused by ST. LANDRY's discrimination;

F.    This Court award MS. TYLER reasonable attorneys' fees, costs, and litigation expenses pursuant to 29 U.S.C. § 794a(a)2 and 42 U.S.C. § 12205 and 28 C.F.R. § 35.175; and

G.    Such other relief as the Court deems just and proper, and/or is allowable

under Title II of the ADA and the Rehabilitation Act.


Respectfully Submitted,


**BIZER & DeREUS, LLC**
*Attorneys for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
GARRET S. DeREUS (LA # 35105)
EVA M. KALIKOFF (LA # 39932)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email:  andrew@bizerlaw.com
        gdereus@bizerlaw.com
        eva@bizerlaw.com