UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNETTE TYLER, an individual, Plaintiff, | Case No: 6:24-cv-01166-DCJ-CBW |
| v. | Judge: Joseph |
| ST. LANDRY PARISH, Defendant. | Magistrate Judge: Whitehurst |

**CONSENT JUDGMENT and SETTLEMENT AGREEMENT**

This Consent Judgment and Settlement Agreement is entered into by all parties to the above-captioned matter to settle and to resolve Plaintiff's claims in the Complaint filed on August 26, 2024. The parties to this Consent Judgment and Settlement Agreement are the plaintiff, ANNETTE TYLER on the one hand ("Plaintiff"), and the Defendant, ST. LANDRY PARISH, ("DEFENDANT").

## I. GENERAL PROVISIONS

A. By entering into this Consent Judgment and Settlement Agreement, the Plaintiff maintains her allegations as stated in her Complaint as to DEFENDANT's alleged non-compliance with Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq,* and the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq*. regarding the St. Landry Parish Courthouse and Annex, located at 118 South Court Street, Opelousas, Louisiana 70570 (hereinafter referred to as "the Property"). DEFENDANT does not, in any way, admit liability for any of the Plaintiff's claims. Nevertheless, the parties agree that in a spirit of compromise, in an effort to end the disputes



Doc ID: 3aa0e2d8ee9c27f8ab7b7b1f03ff0f44a44b0d8d

among the parties, the settlement as outlined in this Consent Judgment is in the best interests of the Plaintiff and Defendant.

B. Upon execution of this Consent Judgment and Settlement Agreement, counsel for the parties shall jointly submit this Consent Judgment to the Court and request that it be approved and ratified.

C. Upon final approval by the Court, this Consent Judgment shall be effective immediately. The date by which the District Court Judge signs this Consent Judgment shall be the "Effective Date."

## II. TERMS OF SETTLEMENT AGREEMENT

DEFENDANT hereby agrees to perform the work recommended in the specific item numbers identified in the Heybeck Report (attached hereto as "Exhibit A") as follows (the "Work"): 1, 2, , 8, 9, 10, 11, 12, 16, 17, 18, 20, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 37, 38, 40, 41, 43, 42 (but only as it pertains to the witness stand and not the jury box), 44, 45, 48, 49 (but only as it pertains to the jury box and not the witness stand), and 54-71.

Furthermore, DEFENDANT agrees to remodel the Judge Meche Courtroom as per the drawings attached hereto as "Exhibit B."

DEFENDANT agrees that the Work will be complete within thirty-six (36) months from approval by the Court and the filing into the record of this Consent Judgment, staggered accordingly:

Items to be completed within 12 months of the Effective Date:

- # 37, 38, 40, 44, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 69, 70, 71.

Items to be completed within 24 months of the Effective Date:

- # 18, 22, 23, 25, 29, 30, 32, 33, 34, 35, 41, 43, 48, 54, 55, 56, 67.



Doc ID: 3aa0e2d8ee9c27f8ab7b7b1f03ff0f44a44b0d8d

Items to be completed within 36 months of the Effective Date:

- # 1, 2, 8, 9, 10, 11, 12, 16, 17, 20, 21, 24, 26, 27, 28, 42, 45, 49, 68.

Defendants have agreed to pay Plaintiff damages and her counsel and attorneys' fees and costs pursuant to a separate confidential agreement, which include attorneys' fees, costs and litigation expenses pursuant to 29 U.S.C. § 794a(a)2, 42 U.S.C. § 12205, and 28 C.F.R. § 35.175.

## III. RELEASE

In exchange for the Work to be performed as outlined above, as well as the payment of the above specified sums of money, the Plaintiff hereby releases, acquits, remises, and forever discharges DEFENDANT (and DEFENDANT's parent companies, subsidiaries, divisions, political agencies, political subdivisions, affiliates, related companies, predecessors, successors, heirs, executors, administrators, assigns, members, shareholders, directors, officers, employees, agents, and attorneys) from any and all claims for injunctive relief or damages, any and all claims, causes, damages, demands, liabilities, equities and any and all other claims pursuant to the ADA, 42 U.S.C. § 12181, *et seq.,* and the Rehabilitation Act, 29 U.S.C. § 794, *et seq*., and/or any other state or federal statute for claims, either asserted or not asserted in this lawsuit and whether known or unknown and which existed at the time of the filing in the instant lawsuit at the Property subject of this litigation, i.e., the St. Landry Parish Courthouse and Annex, located at 118 South Court Street, Opelousas, Louisiana 70570. DEFENDANT hereby releases, acquits, remises and forever discharges Plaintiff from any and all claims, causes, damages, demands, liabilities, equities and any and all other claims, whether known or unknown which specifically relate to this lawsuit. These releases do not limit either party's ability to enforce the other party's compliance with the terms of this Consent Judgment and Settlement Agreement.

## IV. ENFORCEMENT PROVISIONS



Doc ID: 3aa0e2d8ee9c27f8ab7b7b1f03ff0f44a44b0d8d

The Parties agree to and shall request that this Court retain jurisdiction over this matter for the purposes of enforcement of the terms and conditions of this Consent Judgment and Settlement Agreement. Notwithstanding the foregoing, this provision shall not prevent the Parties from seeking legal recourse under federal or state law for a breach of the terms herein.

In the event DEFENDANT fails to perform any aspect of the work, remedies, and repairs as outlined in this Consent Judgment and Settlement Agreement, the parties agree to attempt in good faith to resolve the disagreement according to the following Dispute Resolution Process:

1. If Plaintiff believes, based on the criteria outlined by her previously retained expert as stated in the Heybeck Report, as modified and agreed to by counsel for all parties, that DEFENDANT failed to fulfill the work agreed to in this Consent Judgment and Settlement Agreement, then Plaintiff shall, prior to initiating any court proceedings to remedy such failure, give written notice to DEFENDANT which sets forth with specificity the details of the alleged material breach of this Consent Judgment and Settlement Agreement.
2. DEFENDANT shall have thirty (30) days from the date of such written notice, unless a longer period is agreed to by the parties, to take steps necessary to cure the alleged breach. Taking steps necessary to cure the alleged breach includes any and all efforts to engage appropriate contractors and/or personnel needed to perform the work specified herein, as well as taking all legal steps required by Louisiana law for noticing and bringing the matter before Defendant's governing authority for any required vote, appropriation of public funds to pay for the Work, presenting the matter for bidding (if necessary), or any other process needed to comply with the Public Bid Laws of the State of Louisiana (La. R.S. 38:2211, *et seq*), as well as the



Doc ID: 3aa0e2d8ee9c27f8ab7b7b1f03ff0f44a44b0d8d

Open Meeting Laws (La. R.S. 42:11, *et seq.*), and the Local Government Budget Act (La. R.S. 39:1301-1315). To be clear, it is not a material breach of this Consent Judgment and Settlement Agreement if the Work is not completed within thirty (30) days from the date of the written notice.

In the event DEFENDANT fails to comply with a material term of this Agreement, and in the event the disagreement cannot be worked out informally pursuant to the Dispute Resolution Process herein, Plaintiff shall have the right to bring a motion enforcing this Consent Judgment and Settlement Agreement before the District Court and Defendant shall have the right to present any and all evidence to show compliance herewith.

If Plaintiff is successful in a motion to enforce this Consent Judgment and Settlement Agreement, Plaintiff shall be reimbursed her reasonable fees, expenses and costs in accordance with 42 U.S.C. § 12205 and applicable law. If Defendant prevails in defending a motion to enforce this Consent Judgment and Settlement Agreement brought by Plaintiff, then defendant shall be entitled to its reasonable fees, expenses, and costs in having to defend said motion.

## V. SEVERABILITY

This Consent Judgment and Settlement Agreement constitutes the entire understanding and agreement between the Parties and supersedes all prior or contemporaneous negotiations or agreements (written or oral) and cannot be modified, amended or revoked except by the express written consent of all Parties.

## VI. CONSTRUCTION/ AMBIGUITIES

The Parties acknowledge that each party has reviewed and participated in the drafting of this Consent Judgment and Settlement Agreement and that the rule of construction to the effect



Doc ID: 3aa0e2d8ee9c27f8ab7b7b1f03ff0f44a44b0d8d

that any ambiguities are to be resolved against the drafting party shall not be employed in its interpretation.

**VII. WAIVER**

The failure of any party to assert any of its rights hereunder shall not constitute a waiver of such rights.

**VIII. EXECUTION**

The Parties have read and understood this Consent Judgment and Settlement Agreement, have had the opportunity to discuss same with legal counsel, and have voluntarily agreed to sign the Consent Judgment and Settlement Agreement and agree to be bound thereby. Each person executing this Consent Judgment and Settlement Agreement on each party's behalf has been duly authorized to sign on behalf of the respective party and to bind each to the terms of the Consent Judgment and Settlement Agreement. The Parties agree that this Consent Judgment and Settlement Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute but one and the same instrument. The Parties agree and acknowledge that a photocopy, facsimile copy or scanned copy of an executed signature may be used in place of an original executed signature for any purpose.

**XI. NOTICE**

Any notice, correspondence, payment or other communication contemplated by or connected with this Consent Judgment and Settlement Agreement shall be directed as follows:

(a) If to DEFENDANT: GRANT R. SCHEXNAILDER
Borne, Wilkes & Rabalais, LLC
200 West Congress Street, Suite 1000
Post Office Box 4305
Lafayette, Louisiana 70502-4305
Telephone: (337) 232-1604 Ext. 232
Facsimile: (337) 232-1837
E-mail: Schexnailder@bornewilkes.com



Doc ID: 3aa0e2d8ee9c27f8ab7b7b1f03ff0f44a44b0d8d

(b) If to Plaintiff: Andrew Bizer
Bizer & DeReus
3319 St. Claude Avenue
New Orleans, LA 70117
504-619-9999
andrew@bizerlaw.com

**ANNETTE TYLER**
Plaintiff

By: Annette Tyler

Date: 11 / 14 / 2025

**ST. LANDRY PARISH GOVERNMENT**
Defendant

By: [signature]
Signature

Date: 11-14-25

Jessie Bellard
Print Name

Parish President
Print Title

Respectfully submitted this 17th day of November, 2025.

Upon due consideration of the Consent Judgment and Settlement Agreement between the parties, the Court having been fully advised on the premises, and pursuant to Fed. R. Civ. P. 41(a), it is hereby ORDERED that the Court APPROVES and RATIFIES this Consent Judgment and Settlement Agreement.

It is hereby ORDERED that Plaintiff's claims are hereby dismissed with full prejudice, provided that this Court shall retain jurisdiction to enforce the terms and conditions of the Consent Judgment and Settlement Agreement.

David C Joseph
UNITED STATES DISTRICT COURT
JUDGE DAVID C. JOSEPH

November 17, 2025
Date